**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 24 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    18-50099 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00592-JFW-1 |
| v. | |
| WILLIAM JOHNSON, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted September 12, 2019
Pasadena, California

Before:  RAWLINSON, IKUTA, and BENNETT, Circuit Judges.

Appellant-defendant William Johnson (Johnson) appeals his conviction for

possession of cocaine with intent to distribute, raising a variety of issues stemming

from law enforcement's search of a package containing $64,920 in cash sent to an

apartment where Johnson periodically stayed.  We have jurisdiction pursuant to 28

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

U.S.C. § 1291. We review *de novo* the district court's threshold determination that Johnson lacked standing to assert that his Fourth Amendment rights were violated when officers detained, and ultimately searched and seized, the package. *See United States v. Lopez-Cruz*, 730 F.3d 803, 807 (9th Cir. 2013).

To establish standing for purposes of challenging a search or seizure under the Fourth Amendment, a defendant must demonstrate that he or she had a reasonable expectation of privacy in the item being searched. *See United States v. Reyes-Bosque*, 596 F.3d 1017, 1026 (9th Cir. 2010). "A reasonable expectation of privacy exists where a person has exhibited an actual subjective expectation of privacy, and the expectation is one that society is prepared to recognize as reasonable." *Fazaga v. F.B.I.*, 916 F.3d 1202, 1219 (9th Cir. 2019) (citations, alterations, and internal quotation marks omitted). Key to this appeal is the Fourth Amendment maxim that the defendant have "exclusive use" of the place or thing searched. *United States v. SDI Future Health, Inc.*, 568 F.3d 684, 695-696 (9th Cir. 2009), *as amended*; *see also Schowengerdt v. United States*, 944 F.2d 483, 487 (9th Cir. 1991).

Applying these precepts, we conclude that the district court did not err when it determined that Johnson lacked standing. As the district court noted, Johnson was not the sender or the addressee of the package, his name was not on the lease

for the apartment, and he did not state that he was expecting $64,000 in cash or that the cash belonged to him. Actually, according to Johnson's declaration, he was expecting a package on January 6, not January 5, the day the package arrived. Nor did he establish that he had exclusive rights to the package. Accordingly, Johnson failed to establish a reasonable expectation of privacy in the package that society would recognize as objectively reasonable and, therefore, lacked standing under the Fourth Amendment to challenge the search and seizure of the package. *See United States v. Caymen*, 404 F.3d 1196, 1199 (9th Cir. 2005) (noting that "the burden of proof is on the defendant to demonstrate that he has a reasonable expectation of privacy") (footnote reference and internal quotation marks omitted).[1]

**AFFIRMED.**

---

[1] Because we hold that Johnson lacked standing, we need not and do not address whether reasonable suspicion or probable cause existed to search and seize the package. *See Coalition of Clergy, Lawyers, & Professors v. Bush*, 310 F.3d 1153, 1164 (9th Cir. 2002) ("Because we conclude that the Coalition lacks standing, we decline to reach the remaining questions addressed by the district court . . ."). Under any standard of review, the district court did not err by considering the Angeo Declaration and the Frank Declaration because Federal Rule of Evidence 104(a) permits the consideration of hearsay evidence in a suppression hearing. *See United States v. Matlock*, 415 U.S. 164, 172-76 (1974).